**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DARREN MICHAELS,**

                   **Plaintiff,**

**-vs-**                                                                      **Case No. 6:13-cv-1920-Orl-37DAB**

**MICAMP MERCHANT SERVICES,**

                   **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO APPEAR IN FORMA PAUPERIS (Doc. No. 4)**
>
> **FILED:**       **December 16, 2013**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be dismissed.

      Plaintiff, appearing *pro se,* seeks permission to proceed as a pauper in this action. Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d

924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than

an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

*Analysis*

Plaintiff's Complaint purports to state causes of action "pursuant to Telephone Consumer Protection Act, 47 U.S.C. 227 Et Seq" and violations of certain Florida statutes, arising from two unsolicited phone calls to his cellular phone in a single 24 hour period (Doc. 1). Defendant is alleged to be an Arizona limited liability company, with a physical location in Arizona. *Id.* Defendant is also alleged to be "an unregistered fictitious name and is not legally registered to solicit business or contact consumers in the State of Florida" (*Id.,* p. 4).

This is not the first time these claims have been presented to a federal court. In the Preliminary Statement, Plaintiff advises that he filed this action previously in Pennsylvania, but it was dismissed on lack of jurisdiction, "because Plaintiff did not file the action in his state of domicile (Florida)" (Doc. 1, p. 2). This statement, however, is contradicted by the Order of the District Court for the Western District of Pennsylvania, of which the Court takes judicial notice. *See Darren Michaels v. Micamp Merchant Services, et al*, No. 13-191E, 2013 WL 5970340 (W.D. Pa. Nov. 8, 2013). The Pennsylvania District Court found that it did not have personal jurisdiction over the Arizona Defendants and granted the motion to dismiss, with prejudice. *Id.* Nothing in that Order can be interpreted as directing Plaintiff to re-file the action in Florida, where none of the conduct occurred. Indeed, a review of the allegations makes it plain that this Court, too, lacks jurisdiction.

As noted, Plaintiff's claims arise out of two phone calls received within a 24 hour period, which Plaintiff believes violated the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges that he was "temporarily *residing in Pennsylvania at the time of the TCPA violations had occurred*" (emphasis added). Thus, construed liberally, Plaintiff received *in Pennsylvania* two telephone calls

on his cell phone, placed in *Arizona* from an *Arizona* company that is not registered to solicit business or contact consumers in Florida. Based on this, Plaintiff seeks to proceed in this Court, asserting numerous Florida causes of action, in addition to the violation of the TCPA. As noted above, a district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. Here, Plaintiff fails to plead any plausible basis to find that this Court has jurisdiction over this Defendant or that the state claims are cognizable.

In evaluating whether the Court has jurisdiction over the Defendant, the Court uses a two-step analysis. "First, we determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute." *Mut. Serv. Ins. Co. v. Frit Indus., Inc.,* 358 F.3d 1312, 1319 (11th Cir. 2004). "Second, we examine whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).

> Florida's Long–Arm statute provides, in pertinent part, that:
>
> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> (b) Committing a tortious act within this state.
> . . .

Fla. Stat. ch.. 48.193(1). In addition, the Long–Arm statute also provides for general jurisdiction where "[a] defendant ... is engaged in substantial and not isolated activity within [Florida]." *Id.* ch. 48.193(2).

The affirmative allegations of the Complaint do not establish that Defendant conducts business or has an office in the state of Florida; in fact, the allegations state otherwise. Moreover, the allegations establish that the phone calls – the allegedly tortious acts – were not placed or received in Florida. Further, there are no facts pled from which the Court could infer that this Arizona defendant is engaged in substantial and not isolated activity within Florida. In fact, Plaintiff has pled no nexus to Florida at all. As the exercise of jurisdiction over this non-resident defendant is not supported by Florida's Long-Arm statute, the Court need not consider whether the exercise of same is consistent with the Due Process Clause. Jurisdiction can not be found on so thin a reed.[1]

Even if jurisdiction could be found, the state law claims are not cognizable as a matter of law. The state law causes of action all require a nexus with the state which is not present here. *See, e.g.,* Fla. Stat. §501.059 (1)(d) and (g); and Fla. Stat. §865.09. Further, "FDUTPA applies only to actions that occurred within the state of Florida." *Five for Entertainment S.A. v. Rodriguez*, 877 F.Supp.2d 1321, 1330 -1331 (S.D. Fla. 2012), *citing Carnival Corp. v. Rolls–Royce PLC*, Case No. 08–23318, 2009 WL 3861450, \*6 (S.D. Fla. 2009), and *Millennium Commc'ns & Fulfillment, Inc. v. Office of Attorney Gen.*, 761 So.2d 1256, 1262 (Fla. 3d DCA 2000). Also, Plaintiff's allegations do not state a cause of action for invasion of privacy or intrusion of seclusion, as a matter of law. *See Spilfogel v. Fox Broadcasting Co.*, 433 Fed. Appx. 724, 725 (11th Cir. 2011) ("Under Florida law, the elements of the tort of invasion of privacy are: 1) the publication, 2) of private facts, 3) that are offensive, and 4) are not of public concern") and *Neeley v. Wells Fargo Fin. Inc,* No. 8:12-cv-542-T-33AEP, 2012 WL 5949106, \*5 (M.D. Fla. Nov. 28, 2012) ("Thus, to support a claim for intrusion, the underlying

---

[1] Venue is also lacking. Under 28 U.S. C. § 1391(b), a plaintiff may bring an action in:
(1) a judicial district in which any *defendant* resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which *any defendant* is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b) (emphasis added). Plaintiff has pled no plausible facts to show that this is the appropriate district. Defendant does not reside here and none of the conduct complained of occurred here.

conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." (Internal citation omitted)).

As all of these defenses are apparent from the face of the Complaint and would defeat the maintenance of this action in this forum, the suit is frivolous, within the meaning of the pauper statute. As the Complaint cannot be amended to bring the actions complained of within the jurisdiction of this Court, it is **respectfully recommended** that the motion be **denied** and the Complaint be **dismissed, without leave to amend**. If Plaintiff wishes to pursue these claims against these defendants, he must sue them where they are or anywhere else personal jurisdiction may exist as to them.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 19, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy