**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DARREN MICHAELS,

        Plaintiff,

v.                                 Case No. 6:13-cv-1920-Orl-37DAB

MICAMP MERCHANT SERVICES,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Motion for Leave to Proceed In Forma Pauperis (Doc. 4), filed December 16, 2013;

2. Report and Recommendation of U.S. Magistrate Judge David A. Baker (Doc. 5), filed December 19, 2013; and

3. Pro Se Plaintiff Darren Michaels' Objections to the Report and Recommendation of Magistrate Judge David A. Baker (Doc. 8), filed Jan. 6, 2014.

Upon consideration, the Court finds that the Report and Recommendation (Doc. 5) is due to be adopted, the Motion for Leave to Proceed In Forma Pauperis (Doc. 4) is due to be denied, and the Pro Se Complaint (Doc. 1) is due to be dismissed.

## BACKGROUND

Plaintiff initiated this action on December 16, 2013, alleging a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and four claims under Florida law. (Doc. 1.) All of Plaintiff's claims arise from two calls that an Arizona Defendant

allegedly made to Plaintiff's cellular phone number from Arizona on May 23, 2013, while Plaintiff was temporarily residing in Pennsylvania. (*Id.*) Plaintiff's cellular telephone number has a Florida area code, and Plaintiff returned to his Florida residence after receiving the calls. (*Id.*) Plaintiff previously brought identical claims against the Defendant in the U.S. District Court for the Western District of Pennsylvania, which were dismissed for want of jurisdiction. *Michaels v. Micamp Merchant Servs.*, No. 13-191E, 2013 WL 5970340, at *4 (W.D. Pa. Nov. 8, 2013).

With his Complaint, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis. (Doc. 4.) On December 19, 2013, U.S. Magistrate Judge David A. Baker issued a Report and Recommendation, recommending that the Court deny Plaintiff's Motion and dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. (Doc. 5.) On January 6, 2013, Plaintiff filed his objection to the Report and Recommendation. (Doc. 8.) The Motion is now ripe for adjudication.

## STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

"A district court must dismiss an action brought in forma pauperis upon determining that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is

2

immune from such relief." *Bricker v. Cobb Cnty. Govt. & Pers.*, 399 F. App'x 463, 463 (11th Cir. 2010). "A claim is frivolous if it is without arguable merit either in law or fact." *McGuire v. Florida Lottery*, 520 F. App'x 850, 850 (11th Cir. 2013).

## DISCUSSION

In his Report and Recommendation, Magistrate Judge Baker reasoned that the Complaint should be dismissed as frivolous because it is apparent from the face of the Complaint that venue in this Court is improper, and the Court lacks personal jurisdiction over the Defendant. (Doc. 5.) Plaintiff argues that this Court can exercise personal jurisdiction over Defendant because the two calls were made to a cellular phone with a Florida area code. (Doc. 8.) Upon consideration, the Court agrees with Magistrate Judge Baker's thorough venue and personal jurisdiction analysis. The face of the Complaint reveals no basis for this Court to exercise personal jurisdiction over an Arizona defendant who placed two calls that were received in Pennsylvania. *See Kopff v. Battaglia*, 425 F. Supp. 2d 76, 83–84 (D.D.C. 2006) (holding that mere awareness of area code was insufficient to establish personal jurisdiction over defendant); *Branham v. ISI Alarms, Inc.*, No. 12-CV-1012 ARR MDG, 2013 WL 4710588, at *4–5 (E.D.N.Y. Aug. 30, 2013) (holding that the "situs" of plaintiff's TCPA injury "was where plaintiff received the calls").

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Report and Recommendation of U.S. Magistrate Judge David A. Baker (Doc. 5) is **ADOPTED** and **AFFIRMED**.

2. Motion for Leave to Proceed In Forma Pauperis (Doc. 4) is **DENIED**.

3. Pro Se Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to

3

       refiling in another court.

4. The Clerk of the Court is directed to **CLOSE** this file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 22, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record